

2005 Decisions

Opinions of the United
States Court of Appeals
for the Third Circuit

6-23-2005

# In Re: Jimenez

Precedential or Non-Precedential: Non-Precedential

Docket No. 05-1910

Follow this and additional works at: http://digitalcommons.law.villanova.edu/thirdcircuit_2005

Recommended Citation

"In Re: Jimenez " (2005). *2005 Decisions.* Paper 968.
http://digitalcommons.law.villanova.edu/thirdcircuit_2005/968

This decision is brought to you for free and open access by the Opinions of the United States Court of Appeals for the Third Circuit at Villanova
University School of Law Digital Repository. It has been accepted for inclusion in 2005 Decisions by an authorized administrator of Villanova
University School of Law Digital Repository. For more information, please contact Benjamin.Carlson@law.villanova.edu.

CPS-184                                    NOT PRECEDENTIAL

UNITED STATES COURT OF APPEALS
FOR THE THIRD CIRCUIT

NO. 05-1910
_____

IN RE: ARTEMIO JIMENEZ,
Petitioner

_____

On a Petition for Writ of Mandamus from the
United States District Court for the Middle District of Pennsylvania
(Related to M.D. Pa. Civ. No. 00-cv-01848)
District Judge: Honorable Malcolm Muir

_____

Submitted Under Rule 21, Fed. R. App. Pro.
March 31, 2005

Before: ALITO, McKEE and AMBRO, Circuit Judges

(Filed June 23, 2005)

_____

OPINION

_____

PER CURIAM

        Artemio Jimenez asks that we issue a writ of mandamus ordering the United States

District Court for the Middle District of Pennsylvania to reopen his case, which was

closed in 2003, pursuant to that Court's Order.  We will deny the petition.

        In his petition, Jimenez asks this Court to order the District Court to reopen his

case at Civil No. 00-cv-01848 so that he can show that he exhausted all available administrative remedies in his prisoner civil rights case. Mandamus is an appropriate remedy only in the most extraordinary of situations. In re Pasquariello, 16 F.3d 525, 528 (3d Cir. 1994). To justify such a remedy, a petitioner must show that she has (i) no other adequate means of obtaining the desired relief and (ii) a "clear and indisputable" right to issuance of the writ. See Haines v. Liggett Group, Inc., 975 F.2d 81, 89 (3d Cir. 1992) (citing Kerr v. United States District Court, 426 U.S. 394, 402 (1976)). It is well established that mandamus is not an alternative to an appeal. See In re Chambers Development Co., 148 F.3d 214, 223 (3d Cir. 1998) ("Given its drastic nature, a writ of mandamus should not be issued where relief may be obtained through an ordinary appeal.").

Here, Jimenez had the opportunity to make his arguments in the District Court, and again had the opportunity on appeal to argue that he had exhausted all available remedies. The fact that Jimenez was unsuccessful on appeal is not grounds for mandamus relief. We will deny his petition.